IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MILLARD BALTZELL and RUTH ANN BALTZELL, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) CIVIL NO. 02-4058-GPM |
| R AND R TRUCKING COMPANY, FREIGHTLINER CORPORATION, and LUFKIN INDUSTRIES, INC., | ) ) ) ) |
| Defendants/Third-Party Plaintiffs, | ) ) |
| vs. | ) ) |
| THE ENSIGN-BICKFORD COMPANY, | ) ) |
| Third-Party Defendant. | ) |

# AMENDED MEMORANDUM AND ORDER[1]

**MURPHY, Chief District Judge:**

This matter came before the Court on September 26, 2005, for a hearing on Third-Party Defendant The Ensign-Bickford Company's motion to waive its workers' compensation lien and to dismiss the third-party contribution claims against it.

### BACKGROUND

On April 21, 2005, the jury returned verdicts in favor of Millard "Skeeter" Baltzell in the amount of $11,980,120 and in favor of his wife, Ruth Ann Baltzell, in the amount of $2,000,000.

---

[1] The Court made several errors in its Memorandum and Order dated September 30, 2005, and issues this Amended Memorandum and Order to correct those errors and for clarity of the record. The amended portions are underlined. The Clerk of Court will enter an Amended Judgment.

The jury attributed fault for the accident that caused Skeeter's injuries as follows: Freightliner Corporation = 20%; Lufkin Industries, Inc. = 10%; R and R Trucking Company = 40%; and The Ensign-Bickford Company = 30%. Thereafter, the Court ordered Ensign-Bickford to file a declaration as to the present cash value of its workers' compensation lien. Briefing followed, and Freightliner requested a hearing on the calculation of damages and entry of judgment. That hearing was held on June 20, 2005, and the Court ordered Plaintiffs to submit proposed forms of judgment. Those proposed forms of judgment and objections are part of the record. On July 6, 2005, Ensign-Bickford filed a motion to waive its workers' compensation lien and to dismiss the third-party contribution claims of R and R Trucking, Freightliner, and Lufkin. R and R Trucking, Freightliner, and Lufkin jointly requested argument on Ensign-Bickford's motion, and this hearing was held September 26th.

## DISCUSSION

First, Ensign-Bickford argues that this Court lacks jurisdiction to determine the present cash value of the future workers' compensation benefits because there has been no final adjudication of Skeeter's workers' compensation claim. The argument is that this Court should not enter judgment until the Illinois Industrial Commission adjudicates Skeeter's workers' compensation claim. But Ensign-Bickford is not a direct defendant in this action.[2] This Court is not adjudicating Ensign-Bickford's future workers' compensation obligations to Skeeter; rather, it is adjudicating Ensign-

---

[2] As noted in *Chaney v. National Steel Corporation*, 651 N.E.2d 731, 735 (Ill. App. Ct. 1995), *overruled on other grounds, In re Estate of Dierkes*, 730 N.E.2d 1101 (Ill. 2000), in 1984, the Illinois Supreme Court held that the Workers' Compensation Act immunizes employers from tort actions, but the Act is not a bar to claims for contribution from an employer by third parties held liable to the employee. *Chaney*, 651 N.E.2d at 735, *citing Doyle v. Rhodes*, 461 N.E.2d 382 (Ill. 1984).

Bickford's contribution liability. To do this, this Court must first determine the present cash value of the workers' compensation claim to fix the cap on the amount of contribution that the Third-Party Plaintiffs may claim from Ensign-Bickford under *Kotecki v. Cyclops Welding Corporation*, 585 N.E.2d 1023 (Ill. 1992). *See Chaney v. National Steel Corp.*, 651 N.E.2d 731, 734-35 (Ill. App. Ct. 1995), *overruled on other grounds, In re Estate of Dierkes*, 730 N.E.2d 1101 (Ill. 2000); *Sands v. J. I. Case Co.*, 605 N.E.2d 714, 719 (Ill. App. Ct. 1992). This Court has jurisdiction to make this essential computation.

It is uncontested that as of September 16, 2005, the present value of Ensign-Bickford's workers' compensation liability is $4,085,571.21, so its third-party liability is capped at that amount. *See Kotecki*, 585 N.E.2d 1023. It also is uncontested that as of September 16th, Ensign-Bickford has paid $873,953.31 of that amount to Skeeter.

Ensign-Bickford contends that it can waive its lien post-verdict under *LaFever v. Kemlite Company*, 706 N.E.2d 441 (Ill. 1998). This would result in the contribution claims being dismissed. While Ensign-Bickford's counsel did not provide a direct answer to the Court's question during the September 26th hearing, the apparent benefit to waiving its lien now is that Skeeter may die before it pays its full compensation exposure. However, this contingency was taken into consideration by the jury. The jury determined future medical expenses, and, in fact, they were largely uncontested at trial. Skeeter's life expectancy was part of that computation. The facts in *LaFever* are distinguishable from what is involved here. In that case, the employer's full obligation had been paid to the employee. Here, the larger part of the compensation remains to be paid. While Ensign-Bickford apparently sees some benefit to waiving its lien now (*i.e.*, Skeeter may die before its full compensation exposure is realized), the jury already considered this factor when it considered life

expectancy in fixing Skeeter's future medical expenses. Defendant/Third-Party Plaintiffs are liable to Skeeter for those damages, and this Court, as set forth above, has jurisdiction to determine the limitation of Ensign-Bickford's contribution liability to them for such damages.

The Illinois Supreme Court has stated that "the [Joint Tortfeasors] Contribution Act and Workers' Compensation Act are distinct statutory schemes and the operation of one may not always complement the operation of the other. Sometimes, we will tolerate a result that partially frustrates the legislative purpose underlying the Contribution Act if, by doing so, we allow the workers' compensation statute to operate as intended." *LaFever*, 706 N.E.2d at 454, *citing Kotecki*, 585 N.E.2d 1023. Allowing Ensign-Bickford to waive its lien now would more than partially frustrate the purpose of the Contribution Act, and it would do nothing to promote the purpose of the workers' compensation statute. *See, e.g., Illinois Tool Works, Inc. v. Independent Machine Corp.*, 802 N.E.2d 1228, 1231 (Ill. App. Ct. 2003) (the Contribution Act encourages the equitable apportionment of damages by allowing for a right of contribution among joint tortfeasors when one tortfeasor pays more than his pro rata share of common liability). As set forth above, Ensign-Bickford already is getting whatever benefit it could get from waiving its lien. Therefore, Ensign-Bickford is not allowed to waive its lien, and the contribution claims will not be dismissed. It is important to note that Ensign-Bickford could have benefitted from a jury verdict if the jury had allocated it less fault; in that instance, it would have recovered money. *See LaFever*, 706 N.E.2d at 453 (discussing options for an employer under the workers' compensation statute and stating that the court is "reluctant to dictate trial strategy to any litigant").

Finally, Freightliner and Lufkin argue that they should be jointly and severally liable for only part of the judgment, specifically, only on Skeeter's past and future medical expenses. They contend

that they should be severally liable for all other damages because their fault was found to be less than 25% by the jury. *See* 735 ILCS 5/2-1117. Plaintiffs and R and R Trucking argue that under *Illinois Tool Works*, 802 N.E.2d 1228, the reapportionment of fault occasioned by the "uncollectible" fault attributed to Ensign-Bickford that exceeds the *Kotecki* cap should also control joint and several liability as to the case-in-chief. During the September 26th hearing, Lufkin agreed that *Illinois Tool Works* provides the proper formula to calculate the uncollectible obligation that results from the application of the *Kotecki* cap to Ensign-Bickford's share of the liability but that *Illinois Tool Works* was not applicable to the 25% joint and several calculation.[3] Lufkin is right and the Court adopts the formula provided in *Illinois Tool Works*, but *only* as to the contribution claims. This reapportionment of fault does not apply to Plaintiffs' claims against the direct Defendants. *See Lannom v. Kosco*, 634 N.E.2d 1097 (Ill. 1994); *see also Illinois Tool Works*, 802 N.E.2d 1228 (reapportionment applied to contribution claim). The happenstance that there are contribution claims does not change things with regard to the analysis under 735 ILCS 5/2-1117. The judgment is calculated as follows.

Judgment on the verdict will be entered in favor of Millard "Skeeter" Baltzell and against Defendant R and R Trucking Company in the amount of $11,980,120. Judgment on the verdict will be entered in favor of Ruth Ann Baltzell and against Defendant R and R Trucking Company in the amount of $2,000,000. R and R Trucking Company is jointly and severally liable to Plaintiffs for the entire verdict in the amount of $13,980,120.

Judgment on the verdict will be entered in favor of Millard "Skeeter" Baltzell and against Defendant Freightliner Corporation in the amount of $5,396,024. Freightliner Corporation is jointly

---

[3] Regardless, Lufkin will not rise above the 25% threshold.

and severally liable for Millard "Skeeter" Baltzell's past and future medical and medically-related expenses in the amount of $3,750,000 and severally liable for 20% of the balance of Skeeter's verdict, which computes to $1,646,024.  Judgment on the verdict will also be entered in favor of Ruth Ann Baltzell and against Freightliner Corporation in the amount of $400,000, and such liability is several.

Judgment on the verdict will be entered in favor of Millard "Skeeter" Baltzell and against Defendant Lufkin Industries, Inc., in the amount of $4,573,012.  Lufkin Industries, Inc., is jointly and severally liable for Millard "Skeeter" Baltzell's past and future medical and medically-related expenses in the amount of $3,750,000 and severally liable for 10% of the balance of Skeeter's verdict, which computes to $823,012.  Judgment on the verdict will also be entered in favor of Ruth Ann Baltzell and against Lufkin Industries, Inc., in the amount of $200,000, and such liability is several.

The fault of The Ensign-Bickford Company as found by the jury exceeds the *Kotecki* cap.  The jury found Ensign-Bickford 30% at fault, which would make its liability $4,194,036 ($13,980,120 x .30), but for the *Kotecki* cap.  The Ensign-Bickford Company's workers' compensation liability is $4,085,571.21, calculated as follows:

| | |
|---|---:|
| Medical expenses paid to date: | $778,826.13 |
| Temporary Total Disability payments: | $95,127.18 |
| Present cash value of future medical/caretaking expenses: | $2,971,173.90 |
| Present cash value of future Permanent Total Disability payments: | $240,444.00 |
| **Total Workers' Compensation Exposure:** | **$4,085,571.21** |

The difference between the liability assessed by the jury ($4,194,036) and the *Kotecki* cap

($4,085,571.21) is $108,464.79. This amount must be reallocated to Defendants/Third-Party Plaintiffs because it is uncollectible. *See Illinois Tool Works*, 802 N.E.2d at 1238.

Judgment on the verdict will be entered in favor of Third-Party Plaintiffs R and R Trucking Company, Freightliner Corporation, and Lufkin Industries, Inc., and against Third-Party Defendant The Ensign-Bickford Company on Third-Party Plaintiffs' contribution claims in the amount of $4,085,571.21. This judgment on the Third-Party contribution claims is credited to the common liability of Defendants ($13,980,120 - $4,085,571.21 = $9,894,548.79).[4] Having taken into consideration the uncollectible obligation of The Ensign-Bickford Company, the total pro rata shares of responsibility are reapportioned amongst the principal Defendants for purposes of contribution in accordance with *Illinois Tool Works*, 802 N.E.2d at 1238-40, as follows:[5]

R and R Trucking Company

$40/70 = 57.142857\%$

$\$9,894,548.79 \times .57142857 = \$5,654,027.87$

Freightliner Corporation

$20/70 = 28.571429\%$

$\$9,894,548.79 \times .28571429 = \$2,827,013.98$

Lufkin Industries, Inc.

$10/70 = 14.285714\%$

---

[4]Ensign-Bickford has a lien for $873,953.31 for amounts paid to date for Skeeter.

[5]The Court recognizes that the following calculation differs in form from that set forth in *Illinois Tool Works*, 802 N.E.2d 1128, 1138-39 (Ill. App. Ct. 2003). However, because the contribution judgment is credited to the common liability in this case, the result is the same. Therefore, this Court has followed the simplified calculation submitted by R and R Trucking.

$$\underline{\$9,894,548.79 \times .14285714 = \$1,413,506.94}$$

Judgment on the verdict will be entered on all cross claims for contribution in the reapportioned amounts set forth above.

Judgment on the counterclaim verdict will be entered in favor of Plaintiffs and against Defendants R and R Trucking Company, Freightliner Corporation, and Lufkin Industries, Inc.

Remarkably, after the machinations occasioned by the interplay of § 2-1117 and the Illinois Contribution Act, the parties' contribution liability is unexpectedly close to the jury's apportionment of fault. For instance, 40% of the entire verdict is $5,592,048, compared to R and R Trucking's reapportioned liability of $5,654,027.87. Similarly, 20% of the entire verdict is $2,796,024, compared to Freightliner's reapportioned liability of $2,827,013.98. Likewise, 10% of the entire verdict is $1,398,012, compared to Lufkin's reapportioned liability of $1,413,506.94. The rub is that Ensign-Bickford is forced to pay its share now instead of later, but there is no injustice because the Contribution Act does not contemplate payment by installments. Ensign-Bickford's liability is limited per *Kotecki*, and that is all the law requires.

### CONCLUSION

For the foregoing reasons, Ensign-Bickford's motion to waive its workers' compensation lien and to dismiss the third-party contribution claims (Doc. 406) is **DENIED**. The Clerk of Court is **DIRECTED** to enter an amended judgment in accordance with this Amended Memorandum and Order, and this action is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: 10/04/05

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge